U. S. DISTRICT COURT
Eastern District of Louisiana

FILED APR 24 2008

LORETTA G. WHYTE
Clerk

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISANA

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
|     Plaintiff-Respondent,   ) | N(5) |
| -vs-                                 ) | Case No. 2:00-cr-33-4 |
| TYRONE MARKS,                        ) | HON. KURT D. ENGELHARDT |
|     Defendant-Petitioner.   ) | UNITED STATES DISTRICT JUDGE |

<u>MOTION FOR CORRECTION OF SENTENCE
PURSUANT TO RULE 35(a), FED.R.CRIM.P.</u>

NOW COMES the defendant-petitioner, Tyrone Marks ("Mr. Marks"), in pro se, and respectfully moves this Court for a correction of the (amended) sentence it imposed on April 11, 2008 under the provisions of Title 18 U.S.C. § 3582(c)(2). This present Motion for Correction of Sentence is entered pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. In support of this Motion, Mr. Marks states as follows:

    1.    Mr. Marks was indicted and convicted on a drug conspiracy charged in Count One of the Superseding Bill of Information.

    2.    On October 10, 2001, Mr. Marks with counsel, Attorney Charles Carr, III, appeared before this Court for sentencing. This Court made findings and determined that Mr. Marks' total offense level was 30 and that his criminal history category was III. This yielded a Guidelines sentencing range of 121 to 151 months. The Court imposed a term of imprisonment of 151 months.

    3.    On or about May 1, 2008, the Sentencing Commission exercised its authority granted under Title 28 U.S.C. § 994(a) and (u) to amend Section 2D1.1(c) of the Federal Sentencing Guidelines as

TENDERED FOR FILING

APR 24 2008

U.S. DISTRICT COURT
Eastern District of Louisiana

Fee_____
Process_____
Dktd_____
CtRmDep_____
Doc. No._____

regards base offense levels previously established for cocaine base "crack" cocaine by lowering the base offense levels for threshold quantities by two levels under certain circumstances.

4.  On November 1, 2007, the Sentencing Commission's proposed amendments to the Sentencing Guidelines, Amendment 706 or the so-called "crack amendment," became enacted as law.

5.  Then, on January 2, 2008, the Sentencing Commission gave notice in the Federal Registry/Vol. 73, page 217, amending Amendment 706 with Amendment 711 "for inclusion in Policy Statement § 1B1.10 as an amendment that may be applied retroactively. The effective date for said retroactivity is March 3, 2008. Id. See Federal Registry at "Summary" on page 217, attached as Exhibit B.

6.  On April 11, 2008, this Court issued an "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)." See Order, attached as Exhibit A. This Court's order amended the original total base offense level by changing it from level 30 to level 28 but keeping Mr. Marks' criminal history category the same, that is, at level III. Offense level 28/criminal history III is found on the Sentencing Table to establish a range of 97 to 121 months imprisonment. However, this Court <u>exceeded</u> the maximum of the sentencing range under the advisory Guidelines, whereas the Court <u>did</u> <u>not</u> exceed the maximum of the Guideline range when it imposed its original sentence. Accordingly, this Court's sentence as amended to be 135 months represents an <u>upper</u> <u>departure</u> without the Court providing a "Statement of Reasons" or otherwise explaining why the sentence exceeded the maximum advisory range of 121 months.

ARGUMENT

The application of a change in the Guidelines is by statute, and in the instant case, the Sentencing Commission, in the exercise of its authority, set certain <u>limitations</u> which sentencing courts are bound to observe. For example, under part (a)(3), the Commission provided that: (3) Limitation.---Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." <u>See</u> Federal Registry, page 218 at (a)(3) at <u>Exhibit B</u>.

Furthermore, the Commission constrained the courts by promulgating part (b) which provides as follows:

> (b) Determination of Reduction in Term of Imprisonment.---
>
> (1) In General.---In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

Based on the Amendment at section (b)(1), above, this Court was constrained to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) ... had been in effect at the time the defendant was sentenced." Id. A review of the Court's recent order amending Mr. Marks' sentence discloses that the Court did, in fact, reach the "amended guideline range" of 97 to 121 months. However, at the time the Court imposed the original sentence on October 10, 2001, the Sentencing Guidelines

(3)

were <u>mandatory</u> so that the Court would have been constrained to impose a sentence between the range of 97 to 121 months; or, the Court would have been compelled to depart upper for reasons the court would have been obliged to state on the record.

Here, the Court order dated 04/11/2008 discloses no reason(s) reasonable related to the upper departure of 135 months which represents a full 14-month increase in the maximum sentence available to the Court under the Sentencing Guidelines "in effect at the time the defendant was (originally) sentenced." Amendment 711 at part (b)(1), attached at <u>Exhibit B</u>. Thus, the 135-month sentence could not pass a test for "reasonableness." <u>See</u>, e.g., <u>United States v. Villegas</u>, 404 F.3d 355 (5th Cir. 2005).

The Commentary and Application Notes to Amendment 711 suggest that the Sentencing Commission intends that "comparable sentences" be imposed in the manner explained under Application Note 3. Thus a comparable sentence in the instance case would have been a sentence at the top of the Sentencing Guideline range, i.e., the Court's initially determined range was 121 to 151 months and the Court imposed a sentence of 151 months. A comparable sentence with a range of 97 to 121 months would be a sentence of 121 months.

Lastly, the Commentary of Amendment 711 at Application Note 1(B)(iii) concerns "Post-Sentencing Conduct." In the instant case, this would concern Mr. Marks' prison conduct since his sentencing in October of 2001. <u>Exhibit C</u> contains the documented efforts of Mr. Marks to rehabilitate himself and to prepare for his release as a productive, law abiding member of society.

Mr. Marks has acquired over sixteen (16) individual certificates of achievement which show a marked desire to improve himself as a human being and to help improve the society in which he will live someday. Marks' achievements include the following:

Certificates for: Drug Education Course; Additions and Relationships Support Group; Relaspe Prevention Support Group; Smart Choices Group; Stress Management Class; Parenting Program; H.I.V. Prevention Class; Pre-Release Group; Course Work for Business Etiquette; Introduction to Mitigation ("Emergency Management Institute"); Mitigation for Homeowners; Role of Voluntary Agencies in Emergency Management; Retrofitting Flood Prone Resdential Structures; Radiological Emergency Response; Animals in Disaster, Community Planning; Basic Incident Command System; Animals in Disaster Awareness and Preparedness; Building for Earthquakes of Tommorrow; Hazardous Materials - A Citizens Orientation; Emergency Preparedness USA; Emergency Program Manager; and, Radiology Emergency Management. See copy of above certificates at Exhibit C.

Pursuant to Rule 35(a), this Court can correct the sentence it imposed on April 10, 2008. This Motion is subject to the "mail box rule" and is deem filed when handed to prison officials for mailing which was accomplished on April 17, 2008. See Declaration of Tyrone Marks, attached at Exhibit D.

## CONCLUSION

Based on all of the above, Mr. Marks respectfully moves this Court to correct the sentence it impose and impose a sentence of 121 months but not less than 97 months.

Respectfully submitted,

*Tyrone Marks*
Tyrone Marks

(5)