LAED 247 (02/08) Order Regarding Motion for Sentence Reduction

# UNITED STATES DISTRICT COURT
for the

Eastern District of Louisiana

| | |
|---|---|
| United States of America<br>v.<br>TYRONE MARKS<br><br>Date of Previous Judgment: 10/10/2001<br>(Use Date of Last Amended Judgment if Applicable) | ) <br> ) <br> ) Case No: 00-33 <br> ) USM No: 27366-034 <br> ) Charles Carr, III <br> ) Defendant's Attorney |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:

☐ DENIED.   ☑ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of __151__ months **is reduced to** __135 months__.

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)

| | | | |
|---|---|---|---|
| Previous Offense Level: | 30 | Amended Offense Level: | 28 |
| Criminal History Category: | III | Criminal History Category: | III |
| Previous Guideline Range: | 121 to 151 months | Amended Guideline Range: | 97 to 121 months |

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☑ Other (explain):

If this sentence is less than the amount of time the defendant has already served, the sentence is reduced to a 'time served' sentence.

**III. ADDITIONAL COMMENTS**

Defendant is senteced to 135 months, as to Count 1 of the Superseding Bill of Information.

Except as provided above, all provisions of the judgment dated __10/10/2001__ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 04/11/2008

Effective Date: 04/21/2008
(if different from order date)

_[signature]_
Judge's Signature

KURT D. ENGELHARDT - U. S. DISTRICT JUDGE
Printed name and title

PETITIONER'S EXHIBIT A

an index-linked security, listed on the Exchange pursuant to sections 703.19 or 703.22 of the Listed Company Manual, in connection with the transfer of the listing of the security to another national securities exchange, would need to provide to the Exchange a letter signed by an authorized executive officer of the issuer setting forth the reasons for the delisting. The issuer of an index-linked security is required to comply with all other aspects of section 806.02 of the Listed Company Manual and Rule 12d2–2(c) under the Act, which requires, among other things, that issuers comply with all applicable laws in effect in the state in which they are incorporated.

In addition, the Exchange is deleting obsolete rule text from section 806.02 of the Listed Company Manual.

### III. Discussion and Commission Findings

The Commission finds that the proposed rule change is consistent with the requirements of the Act and the rules and regulations applicable to a national securities exchange, and in particular, with the requirements of section 6(b) of the Act.[5] Specifically, the Commission finds that the proposed rule change is consistent with section 6(b)(5) of the Act[6] in that it is designed to promote just and equitable principles of trade, to foster cooperation and coordination with persons engaged in regulating, clearing, settling, processing information with respect to, and facilitating transactions in securities, and to remove impediments to and perfect the mechanism of a free and open market and a national market system, and, in general, to protect investors and the public interest.

The Commission notes that requiring a letter from an authorized executive officer instead of a certified copy of the resolutions adopted by the issuer's board of directors is consistent with the requirements of Rule 12d2–2 under the Act[7] and notes that the proposal is similar to the voluntary withdrawal procedures for dually-listed issuers on NYSE Arca, Inc.[8] Replacing the board certification requirement with a letter from an authorized executive officer may ease the burden on issuers of index-linked securities who wish to transfer the listing to another national securities exchange. The Commission notes that the security would continue to be listed and traded on a national securities exchange.[9] Further, the Commission notes that requiring a letter from an authorized executive officer would ensure the issuer properly made the delisting decision and complied with applicable laws in effect in its jurisdiction, consistent with investor protection and the public interest. The Exchange further represented that the issuers informed the Exchange that under the laws of their place of incorporation, no board of directors resolutions are required.

The Commission notes that since the securities would list and trade on another national securities exchange, transparent last sale information will continue to be disseminated on the securities on an uninterrupted basis. It would also ensure the other protections for trading a security on a national securities exchange remain, such as the periodic reporting obligations under the Act.

Finally, the Commission finds deletion of the obsolete language is consistent with the requirements of the Act. The language to be deleted is no longer in effect since the Commission approved NYSE rules to comply with the July 2005 amendments to Rule 12d2–2 under the Act.

Based on the above reasons, the Commission finds that the proposal is consistent with the requirements of the Act.

### IV. Conclusion

*It is therefore ordered,* pursuant to section 19(b)(2) of the Act,[10] that the proposed rule change (SR–NYSE–2007–99) is hereby approved.

For the Commission, by the Division of Trading and Markets, pursuant to delegated authority.[11]

Nancy M. Morris,
*Secretary.*

[FR Doc. E7–25446 Filed 12–31–07; 8:45 am]
**BILLING CODE 8011–01–P**

---

### UNITED STATES SENTENCING COMMISSION

**Sentencing Guidelines for the United States Courts**

**AGENCY:** United States Sentencing Commission.

**ACTION:** Notice of final action regarding amendments to Policy Statement § 1B1.10, effective March 3, 2008.

**SUMMARY:** The Sentencing Commission hereby gives notice of amendments to a policy statement and commentary made pursuant to its authority under 28 U.S.C. 994(a) and (u). The Commission promulgated an amendment to Policy Statement § 1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range) clarifying when, and to what extent, a sentencing reduction is considered consistent with the policy statement and therefore authorized under 18 U.S.C. 3582(c)(2).

The Commission also has reviewed amendments submitted to Congress on May 1, 2007, that may result in a lower guideline range and has designated Amendment 706, as amended by Amendment 711, for inclusion in Policy Statement § 1B1.10 as an amendment that may be applied retroactively.

**DATES:** The effective date of these policy statement and commentary amendments is March 3, 2008.

**FOR FURTHER INFORMATION CONTACT:** Michael Courlander, Public Information Officer, Telephone: (202) 502–4597.

**SUPPLEMENTARY INFORMATION:** The United States Sentencing Commission is an independent agency in the judicial branch of the United States Government. The Commission promulgates sentencing guidelines and policy statements for federal sentencing courts pursuant to 28 U.S.C. 994(a). The Commission also periodically reviews and revises previously promulgated guidelines pursuant to 28 U.S.C. 994(o), and specifies in what circumstances and by what amount sentences of imprisonment may be reduced if the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses pursuant to 28 U.S.C. 994(u).

Additional information may be accessed through the Commission's Web site at *http://www.ussc.gov*.

Authority: 28 U.S.C. 994(a), (u).

Ricardo H. Hinojosa,
*Chair.*

1. Amendment: Chapter One, Part B, Subpart One, is amended by striking § 1B1.10 and its accompanying commentary and inserting the following:

• "§ 1B1.10. Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)
   (a) Authority.—
   (1) In General.—In a case in which a defendant is serving a term of

---

[5] 15 U.S.C. 78f(b). In approving the proposed rule change, as amended, the Commission considered the proposed rule's impact on efficiency, competition, and capital formation. 15 U.S.C. 78c(f).
[6] 15 U.S.C. 78f(b)(5).
[7] 17 CFR 240.12d2–2.
[8] See NYSE Arca Equities Rule 5.4(b).

[9] In its filing, the Exchange represented that it does not plan to list any more index-linked securities and the issuers of all listed index-linked securities have agreed to the Exchange's request to transfer the listing to NYSE Arca, Inc.
[10] 15 U.S.C. 78s(b)(2).
[11] 17 CFR 200.30–3(a)(12).

PETITIONER'S EXHIBIT B

imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if—

(A) None of the amendments listed in subsection (c) is applicable to the defendant; or

(B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment.—

(1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitations and Prohibition on Extent of Reduction.—

(A) In General.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

(B) Exception.—If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States* v. *Booker,* 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

(C) Prohibition.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, and 702.

**Commentary**

Application Notes:
1. Application of Subsection (a).—
(A) Eligibility.—Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (i) None of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

(B) Factors for Consideration.—
(i) In General.—Consistent with 18 U.S.C. 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

(ii) Public Safety Consideration.—The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) Whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

(iii) Post-Sentencing Conduct.—The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) Whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

2. Application of Subsection (b)(1).—In determining the amended guideline range under subsection (b)(1), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected.

3. Application of Subsection (b)(2).—Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1). For example, in a case in which: (A) The guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (B) the original term of imprisonment imposed was 41 months; and (C) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subsection (b)(1) may be appropriate. For example, in a case in which: (A) The guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (B) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (C) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection

EXHIBIT B

(b)(1)) would amount to a comparable reduction and may be appropriate.

In no case, however, shall the term of imprisonment be reduced below time served. Subject to these limitations, the sentencing court has the discretion to determine whether, and to what extent, to reduce a term of imprisonment under this section.

4. Supervised Release.—

(A) Exclusion Relating to Revocation.—Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.

(B) Modification Relating to Early Termination.—If the prohibition in subsection (b)(2)(C) relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range determined under subsection (b)(1), the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. 3583(e)(1). However, the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range determined under subsection (b)(1) shall not, without more, provide a basis for early termination of supervised release. Rather, the court should take into account the totality of circumstances relevant to a decision to terminate supervised release, including the term of supervised release that would have been appropriate in connection with a sentence under the amended guideline range determined under subsection (b)(1).

Background: Section 3582(c)(2) of Title 18, United States Code, provides: '[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'

This policy statement provides guidance and limitations for a court when considering a motion under 18 U.S.C. 3582(c)(2) and implements 28 U.S.C. 994(u), which provides: 'If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.'

Among the factors considered by the Commission in selecting the amendments included in subsection (c) were the purpose of the amendment, the magnitude of the change in the guideline range made by the amendment, and the difficulty of applying the amendment retroactively to determine an amended guideline range under subsection (b)(1).

The listing of an amendment in subsection (c) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants. The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.

The Commission has not included in this policy statement amendments that generally reduce the maximum of the guideline range by less than six months. This criterion is in accord with the legislative history of 28 U.S.C. 994(u) (formerly section 994(t)), which states: 'It should be noted that the Committee does not expect that the Commission will recommend adjusting existing sentences under the provision when guidelines are simply refined in a way that might cause isolated instances of existing sentences falling above the old guidelines* or when there is only a minor downward adjustment in the guidelines. The Committee does not believe the courts should be burdened with adjustments in these cases.' S. Rep. 225, 98th Cong., 1st Sess. 180 (1983).

*So in original. Probably should be 'to fall above the amended guidelines'.".

Reason for Amendment: This amendment makes a number of modifications to *1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range) to clarify when, and to what extent, a reduction in the defendant's term of imprisonment is consistent with the policy statement and is therefore authorized under 18 U.S.C. 3582(c)(2).

The amendment modifies subsection (a) to state the statutory requirement under 18 U.S.C. 3582(c)(2) that a reduction in the defendant's term of imprisonment be consistent with the policy statement. The amendment also modifies subsection (a) to state that, consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) do not constitute a full resentencing of the defendant.

In addition, the amendment amends subsection (a) to clarify circumstances in which a reduction in the defendant's term of imprisonment is not consistent with the policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2). Specifically, the amendment provides that a reduction in the defendant's term of imprisonment is not consistent with § 1B1.10 and therefore is not authorized under 18 U.S.C. 3582(c)(2) if (1) none of the amendments listed in subsection (c) is applicable to the defendant; or (2) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range. Application Note 1 provides further explanation that an amendment may be listed in subsection (c) but not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment). In such a case, a reduction in the defendant's term of imprisonment is not consistent with § 1B1.10 and therefore is not authorized under 18 U.S.C. 3582(c)(2).

The amendment modifies subsection (b) to clarify the limitations on the extent to which a court may reduce the defendant's term of imprisonment under 18 U.S.C. 582(c)(2) and § 1B1.10. Specifically, in subsection (b)(1) the amendment provides that, in determining whether, and to what extent, a reduction in the defendant's term of imprisonment is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced, substituting only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and leaving all other guideline application decisions unaffected.

In subsection (b)(2) the amendment provides further clarification that the court shall not reduce the defendant's term of imprisonment to a term that is

EXHIBIT B